UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF TEXAS
SHERMAN DIVISION

| | |
|---|---|
| IN RE:<br>**Michael B. Goodwin**<br>**Ivonne M. Goodwin**<br>SSN(s): **xxx-xx-9667, xxx-xx-0075**<br>**230 Preston Club Drive**<br>**Sherman, TX  75092**<br><br>          Debtor | )  CASE NO:   **15-41589**<br>)<br>)  Chapter 13<br>)<br>)<br>)<br>)<br>)<br>)<br>) |

You should read this Plan carefully and discuss it with your attorney. Confirmation of this Plan by the Bankruptcy Court may modify your rights by providing for payment of less than the full amount of your claim, by setting the value of the collateral securing your claim, and/or by setting the interest rate on your claim.

## CHAPTER 13 PLAN

Debtor or Debtors (hereinafter called "Debtor") proposes this Chapter 13 Plan:

1. **Submission of Income.** Debtor submits to the supervision and control of the Chapter 13 Trustee ("Trustee") all or such portion of future earnings or other future income of Debtor as is necessary for the execution of this Plan.

2. **Plan Payments and Length of Plan.** Debtor will pay the sum of **$650.00** per **month** to Trustee by ☐ Payroll Deduction(s) or by ☑ Direct Payment(s) for the period of **60** months, unless all allowed claims in every class, other than long-term claims, are paid in full in a shorter period of time. The term of this Plan shall not exceed sixty (60) months. See 11 U.S.C. §§ 1325(b)(1)(B) and 1325(b)(4). Each pre-confirmation plan payment shall be reduced by any pre-confirmation adequate protection payment(s) made pursuant to Plan paragraph 6(A)(i) and § 1326(a)(1)(C).

The following alternative provision will apply if selected:

☐ Variable Plan Payments

| Beginning Month | Ending Month | Amount of Monthly Payment | Total |
|---|---|---|---|
| 1 (09/30/2015) | 60 (08/30/2020) | $650.00 | $39,000.00 |
| | | Grand Total: | $39,000.00 |

3. **Payment of Claims.** The amounts listed for claims in this Plan are based upon Debtor's best estimate and belief. Allowed claims shall be paid to the holders thereof in accordance with the terms thereof. From the monthly payments described above, the Chapter 13 Trustee shall pay the following allowed claims in the manner and amounts specified. Claims filed by a creditor designated as secured or priority but which are found by the Court to be otherwise shall be treated as set forth in the Trustee's Recommendation Concerning Claims.

4. **Administrative Claims.** Trustee will pay in full allowed administrative claims and expenses pursuant to § 507(a)(2) as set forth below, unless the holder of such claim or expense has agreed to a different treatment of its claim.

    (A). **Trustee's Fees.** Trustee shall receive a fee for each disbursement, the percentage of which is fixed by the United States Trustee.

    (B). **Debtor's Attorney's Fees.** The total attorney fee as of the date of filing of the petition is **$6,500.00**. The amount of **$0.00** was paid prior to the filing of the case. The balance of **$6,500.00** will be paid ☑ from first funds upon confirmation, or in the alternative ☐ from the remaining balance of funds available after specified monthly payments. The total attorney fees are subject to reduction by notice provided in the Trustee's Recommendation Concerning Claims to an amount consistent with LBR 2016(h) absent a certification from debtors attorney regarding legal services provided pertaining to automatic stay litigation occurring in the case.

Case No: 15-41589
Debtor(s): **Michael B. Goodwin**
**Ivonne M. Goodwin**

5. **Priority Claims.**

   (A). **Domestic Support Obligations.**

   ☑ None. If none, skip to Plan paragraph 5(B).

   (i). Debtor is required to pay all post-petition domestic support obligations directly to the holder of the claim.

   (ii). The name(s) and address(es) of the holder of any domestic support obligation are as follows. See 11 U.S.C. §§ 101(14A) and 1302(b)(6).

   (iii). Anticipated Domestic Support Obligation Arrearage Claims

   (a). Unless otherwise specified in this Plan, priority claims under 11 U.S.C. § 507(a)(1) will be paid in full pursuant to 11 U.S.C. § 1322(a)(2). These claims will be paid at the same time as claims secured by personal property, arrearage claims secured by real property, and arrearage claims for assumed leases or executory contracts.

   ☑ None; or

   | (a) Creditor (Name and Address) | (b) Estimated arrearage claim | (c) Projected monthly arrearage payment |
   |---|---|---|
   | | | |

   (b). Pursuant to §§ 507(a)(1)(B) and 1322(a)(4), the following domestic support obligation claims are assigned to, owed to, or recoverable by a governmental unit.

   ☑ None; or

   Claimant and proposed treatment:

   | (a) Claimant | (b) Proposed Treatment |
   |---|---|
   | | |

   (B). **Other Priority Claims (e.g., tax claims).** These priority claims will be paid in full, but will not be funded until after all secured claims, lease arrearage claims, and domestic support claims are paid in full.

   | (a) Creditor | (b) Estimated claim |
   |---|---|
   | Texas Comptroller of Public Accounts - 2011 to 2013 Sales Tax | $3,092.98 |

6. **Secured Claims.**

   (A). **Claims Secured by Personal Property Which Debtor Intends to Retain.**

   (i). **Pre-confirmation adequate protection payments.** Unless the Court orders otherwise, no later than 30 days after the date of the filing of this plan or the order for relief, whichever is earlier, the Debtor shall make the following adequate protection payments to creditors pursuant to § 1326(a)(1)(C). If the Debtor elects to make such adequate protection payments on allowed claims to the Trustee pending confirmation of the plan, the creditor shall have an administrative lien on such payment(s), subject to objection. If Debtor elects to make such adequate protection payments directly to the creditor, Debtor shall provide evidence of such payment to the Trustee, including the amount and date of the payment, as confirmation is prohibited without said proof.

Case No:  15-41589
Debtor(s):  **Michael B. Goodwin**
            **Ivonne M. Goodwin**

Debtor shall make the following adequate protection payments:

☐ directly to the creditor; or

☐ to the Trustee pending confirmation of the plan.

| (a) Creditor | (b) Collateral | (c) Adequate protection payment amount |
|---|---|---|
|  |  |  |

(ii). <u>**Post confirmation payments.**</u>  Post-confirmation payments to creditors holding claims secured by personal property shall be paid as set forth in subparagraphs (a) and (b). If Debtor elects to propose a different method of payment, such provision is set forth in subparagraph (c).

(a). <u>**Claims to Which § 506 Valuation is NOT Applicable.**</u> Claims listed in this subsection consist of debts secured by a purchase money security interest in a vehicle for which the debt was incurred within 910 days of filing the bankruptcy petition, or, if the collateral for the debt is any other thing of value, the debt was incurred within 1 year of filing. See § 1325(a)(5). After confirmation of the plan, the Trustee will pay to the holder of each allowed secured claim the monthly payment in column (f) based upon the amount of the claim in column (d) with interest at the rate stated in column (e). Upon confirmation of the plan, the interest rate shown below or as modified will be binding unless a timely written objection to confirmation is filed and sustained by the Court. Payments distributed by the Trustee are subject to the availability of funds.

☑ None; or

| (a) Creditor; and (b) Collateral | (c) Purchase date | (d) Estimated Claim | (e) Interest rate | (f) Monthly payment |
|---|---|---|---|---|
|  |  |  |  |  |

(b). <u>**Claims to Which § 506 Valuation is Applicable.**</u> Claims listed in this subsection consist of any claims secured by personal property not described in Plan paragraph 6(A)(ii)(a). After confirmation of the plan, the Trustee will pay to the holder of each allowed secured claim the monthly payment in column (f) based upon the replacement value as stated in column (d) or the amount of the claim, whichever is less, with interest at the rate stated in column (e). The portion of any allowed claim that exceeds the value indicated below will be treated as an unsecured claim. Upon confirmation of the plan, the valuation and interest rate shown below or as modified will be binding unless a timely written objection to confirmation is filed and sustained by the Court. Payments distributed by the Trustee are subject to the availability of funds.

☐ None; or

| (a) Creditor; and (b) Collateral | (c) Purchase date | (d) Replacement value | (e) Interest rate | (f) Monthly payment |
|---|---|---|---|---|
| Internal Revenue Service<br>Federal Tax Lien secured by personal property | 2003 | $7,225.79*<br>*Balance of Claim | 3.00% | $129.84<br>Month(s) 1-60 |

(B). <u>**Claims Secured by Real Property Which Debtor Intends to Retain.**</u> Debtor will make all post-petition mortgage payments directly to each mortgage creditor as those payments ordinarily come due. These regular monthly mortgage payments, which may be adjusted up or down as provided for under the loan documents, are due beginning the first due date after the case is filed and continuing each month thereafter, unless this Plan provides otherwise. Trustee may pay each allowed arrearage claim at the monthly rate indicated below until paid in full. Trustee will pay interest on the mortgage arrearage if the creditor requests interest, unless an objection to the claim is filed and an order is entered disallowing the requested interest.

Case No:   15-41589
Debtor(s):   **Michael B. Goodwin**
             **Ivonne M. Goodwin**

| (a) Creditor; and (b) Property description | (c) Estimated pre-petition arrearage | (d) Interest rate | (e) Projected monthly arrearage payment |
|---|---|---|---|
| **Internal Revenue Service** **Federal Tax Liability secured by lien on homestead** | $16,121.93 | 3.00% | $289.68 Month(s) 1-60 |

(C). **Surrender of Collateral.** Debtor will surrender the following collateral no later than thirty (30) days from the filing of the petition unless specified otherwise in the Plan. Any involuntary repossession/foreclosure prior to confirmation of this Plan must be obtained by a filed motion and Court order, unless the automatic stay no longer applies under § 362(c). Upon Plan confirmation, the automatic stay will be deemed lifted for the collateral identified below for surrender and the creditor need not file a Motion to Lift Stay in order to repossess, foreclose upon or sell the collateral. Nothing herein is intended to lift any applicable co-Debtor stay, or to abrogate Debtor's state law contract rights.

| (a) Creditor | (b) Collateral to be surrendered |
|---|---|
|  |  |

(D). **Void Lien:** The secured creditors listed below hold a non-purchase money, non-possessory security interest on Debtor's exempt property. Their lien will be voided pursuant to 11 U.S.C. § 522(f) and their claim treated as unsecured and paid pursuant to paragraph 7 below:

| Name of Creditor | Collateral Description | Estimated Claim |
|---|---|---|
|  |  |  |

7. **Unsecured Claims.** Debtor estimates that the total general unsecured debt not separately classified in Plan paragraph 12 is   **$57,420.63**   . After all other classes have been paid, Trustee will pay to the creditors with allowed general unsecured claims a pro rata share of   **$335.82**   . Trustee is authorized to increase this dollar amount if necessary, in order to comply with the applicable commitment period stated in paragraph 2 of this Plan.

8. **Executory Contracts and Unexpired Leases.** All executory contracts and unexpired leases are assumed, unless rejected herein. Payments due after the filing of the case will be paid directly by Debtor (c) or through the plan by the Trustee (d), as set forth below.

Debtor proposes to cure any default by paying the arrearage on the assumed leases or unexpired contracts in the amounts projected in column (e) at the same time that payments are made to secured creditors. All other executory contracts and unexpired leases of personal property are rejected upon conclusion of the confirmation hearing.

☑ None; or

| (a) Creditor; and (b) Nature of lease or executory contract | (c) Payment to be paid directly by Debtor | (d) Payment to be paid through plan by Trustee | (e) Projected arrearage monthly payment through plan (for informational purposes) |
|---|---|---|---|
|  |  |  |  |

9. **Property of the Estate.** Upon confirmation of this plan, title of the property of the estate shall vest in DEBTOR(S), unless the Court orders otherwise.

10. **Post-petition claims.** The DEBTOR(S) will not incur any post-petition consumer debt except upon written approval of the Court or the Standing Chapter 13 Trustee. Post-petition claims will be allowed only as specified in 11 U.S.C. § 1305.

TXEB Local Form 3015-a   [Revised January 18, 2006]                                                                                          Page 4

Case No: 15-41589
Debtor(s): **Michael B. Goodwin**
**Ivonne M. Goodwin**

---

11. **General Provisions.** Post-Petition earnings during the pendency of this case shall remain property of the estate notwithstanding section 1327. Any remaining funds held by the Trustee after dismissal or conversion of a confirmed plan may be distributed to creditors pursuant to these provisions. Notwithstanding section 1329(a), the Trustee may bring a motion anytime within the applicable commitment period of the Plan to modify debtor's Plan to meet the criteria of section 1325(b). Any funds sent to the debtor(s) in care of the Trustee, during the pendency of this case may be deposited to the debtor's account and disbursed to creditors holding allowed claims pursuant to this Plan, the Confirmation Order, and/or as set forth in the Trustee's Recommendation Concerning Claims.

12. **Other Provisions:**

    (A). **Special classes of unsecured claims.**

| Name of Unsecured Creditor | Remarks |
|---|---|
|  |  |

   (B). **Other direct payments to creditors.**

| Name of Creditor | Remarks |
|---|---|
| **Grayson County Tax Assessor/Collector** | Paid through escrow account |
| **Preston Club Homeowners Association** | Post-petition property owners dues |
| **S&S CISD** | Paid through escrow account |
| **Specialized Loan Servicing, LLC** | Modify loan and monthly payments under the Homeowners Assitance Modification Program, or other agreed Modification. |

   (C). **Additional provisions.**

   <u>**1. Vesting of Estate Property:**</u>
   Except as otherwise specifically provided in the Plan, the Confirmation Order or other Order of the Court, Debtors shall remain in possession of all property of the estate during the Plan term pursuant to 11 U.S.C.§1306(b). Property of the estate shall not vest in Debtors upon Confirmation of the Plan but shall vest upon entry of the Order of Discharge, conversion of the case to a proceeding under any other Chapter of Title 11, or dismissal of the case, which ever shall occur first.

   Debtors shall have the continuing responsibility to insure all property of Debtors or the estate, notwithstanding the above paragraph on vesting.

   <u>**2. Mortgage Payments:**</u>
   Confirmation of the Plan shall impose a duty on the current and any subsequent holders and/or servicers of claims secured by liens on real property to apply the payments received from the Trustee to any prepetition or postpetition arrears provided for in the Plan; to deem such arrearages paid as contractually cured by confirmation; to apply mortgage payments paid by Debtors only to postpetition amounts due; to notify the Trustee, Debtors and the attorney for Debtors of any changes in the interest rate for an adjustable rate mortgage and the effective date of the adjustment; to notify the Trustee, Debtors and attorney for the Debtors of any change in the taxes or insurance that would either increase or reduce the escrow portion of the monthly mortgage payment; and to otherwise comply with 11 U.S.C. § 524(i).

   <u>**3. Unsecured Creditors:**</u>
   Unsecured creditors shall not be limited to the amount listed in the plan if further amounts are available after other stated creditors are paid.

   <u>**4. Trustee's Recommendation Concerning Claims:**</u>
   Notwithstanding any provision herein to the contrary, the deadlines to file the Trustee's Recommendation Concerning Claims, objections to the Trustee's Recommendation Concerning Claims, and objections to claims shall be governed by Local Bankruptcy Rule 3015(g).

Case No: 15-41589
Debtor(s): **Michael B. Goodwin**
**Ivonne M. Goodwin**

### 5. Trustee Fee:
Notwithstanding any other provision in the Plan, the Trustee shall receive a fee as allowed pursuant to the provisions of 28 U.S.C. 586(e)(2) in the percentage as fixed by the United States Trustee.

### 6. Effect on Certain Secured Creditors:
In compliance with 11 U.S.C. § 1322(b)(2), nothing provided for in this Order of Confirmation and/or the Plan shall in any way be deemed, found or construed as a modification of the rights of any secured creditor with a security interest in real property that is the Debtor's principal residence; provided, the automatic stay in effect in this case pursuant to 11 U.S.C. § 362(a) shall continue in full force and effect pending any futher Order of this Court.

### 7. Additional Provision Regarding Debtors' Attorney Fees:
After the deduction/dedication of any amounts designated as adequate protection payments to any creditor(s), the Trustee shall hold any remaining funds thereafter available for debtor's attorney's fees. Such fees are allowed preliminarily. Final determination of the appropriate fees will be made in the context of the Trustee's Recommendation Concerning Claims. The Debtor's attorney will file a fee application before the deadline to object to the Trustee's Recommendation Regarding Claims. If the application is not filed within that time, the Debtor's attorney shall be awarded the amount of fees stated in Local Rule 2016.

Special Note: This plan is intended as an exact copy of the recommended form prepared by the Standing Chapter 13 Trustees for this District, except as to any added paragraphs after paragraph 11 above. The Chapter 13 trustee shall be held harmless for any changes in this plan from the recommended form dated July 1, 2005.

Date: Sept 14, 2015

Gary J. Campbell, Debtor's Attorney

Michael B. Goodwin, Debtor

Ivonne M. Goodwin, Debtor

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that a copy of Debtor's Chapter 13 Bankruptcy Plan was served upon all creditors and parties in interest as listed in the attached Master Mailing List as constituted by the Court at the time of service and all attorneys or others requesting notice, as listed below, by electronic means for those registered with the Court to receive electronic notice, otherwise by United States first-class mail, postage prepaid, this __14__ day of September, 2015.

**Attorneys Requesting Notice:**
None

_____    _____
Gary J. Campbell                                        cac
                                                              Legal
                                                              Assistant

```
Label Matrix for local noticing          AT&T Mobility                            Afni, Inc.
0540-4                                   P.O. 650553                              P.O. Box 3517
Case 15-41589                            Dallas, TX  75265-0553                   Bloomington, IL  61702-3517
Eastern District of Texas
Sherman
Mon Sep 14 15:36:06 CDT 2015

Ashley Funding Services, LLC             Attorney General of Texas                Attorney General of Texas
PO Box 10587                             Attn:  Bankruptcy Section                Child Support Division/Bankruptcy
Greenville, SC 29603-0587                2001 Beach Street, Suite 700             OAG/CSD/Mail Code 38
                                         Fort Worth, TX  76103-2315               P.O. Box 12017
                                                                                  Austin, TX  78711-2017


Attorney General of Texas                Attorney General of Texas                Gary J. Campbell
Collections/Bankruptcy                   Taxation Division/Bankruptcy             Gary J. Campbell & Associates, P.C.
P.O. Box 12400                           P.O. Box 12548                           320 North Travis, Suite 207
Austin, TX 78711-1240                    Austin, TX  78711-2548                   P.O. Box 758
                                                                                  Sherman, TX 75091-0758


Chase Bank                               ChexSystems                              Eboney Cobb
National Payment Services                Attn:  Consumer Relations                Perdue Brandon Fielder Collins & Mott
P.O. Box 182223                          7805 Hudson Road, Suite 100              500 E. Border Street, Suite 640
Dept. OH1-1272                           Woodbury, MN 55125-1703                  Arlington, TX 76010-7457
Columbus, OH 43218-2223


(p)TEXAS COMPTROLLER OF PUBLIC ACCOUNTS  Dean Gilbert Realtors                    Dish Network
REVENUE ACCOUNTING DIV - BANKRUPTCY SECTION  801 E. Taylor Street                 c/o GC Services
PO BOX 13528                             Sherman, TX 75090-2671                   6330 Gulfton Street
AUSTIN TX 78711-3528                                                              Houston, TX 77081-1108


Equifax Credit Information Systems, Inc. Experian                                 Financial Recovery Services, Inc.
P.O. Box 740241                          P.O. Box 2002                            P.O. Box 385908
Atlanta, GA 30374-0241                   Allen, TX 75013-2002                     Minneapolis, MN  55438-5908


Firstsource Financial Solutions, LLC     Ivonne M. Goodwin                        Michael B. Goodwin
P.O. Box 33009                           230 Preston Club Drive                   230 Preston Club Drive
Phoenix, AZ  85067-3009                  Sherman, TX 75092-6358                   Sherman, TX 75092-6358


Grayson County Tax Assessor/Collector    (p)INTERNAL REVENUE SERVICE              Internal Revenue Service
P.O. Box 2107                            CENTRALIZED INSOLVENCY OPERATIONS        Centralized Insolvency Operation
Sherman, TX  75091-2107                  PO BOX 7346                              P.O. Box 7346
                                         PHILADELPHIA PA 19101-7346               Philadelphia, PA  19101-7346


Laboratory Corporation of America        Medical Imaging                          NCO Financial Systems, Inc.
c/o American Medical Collections         c/o Frost Arnett Collection              P.O. Box 15740
2269 Saw Mill River Drive                480 James Robertson Parkway              Wilmington, DE  19850-5740
Elmsford, NY 10523-3832                  Nashville, TN 37219-1212


Office of the Attorney General           Preston Club Homeowners Association      Progressive Insurance
of the United States                     P.O. Box 1911                            P.O. Box 650201
950 Pennsylvania Avenue, NW              Sherman, TX 75091-1911                   Dallas, TX  75265-0201
Washington, DC  20530-0001
```

Raymond Matthews, CPA
200 N. Travis Street, Suite 200
Sherman, TX 75090-0003

S & S Consolidated ISD
c/o Perdue Brandon Fielder et al
500 E Border St, Suite 640
Arlington, TX 76010-7457

S & S ISD
Perdue Brandon Fielder Et Al
500 E. Border Street
Suite 640
Arlington, TX 76010-7457

S&S CISD
c/o Eboney Cobb
Perdue, Brandon, Fielder, Collins & Mott
P.O. Box 13430
Arlington, TX 76094-0430

Sherman Radiology Associates
c/o Frost Arnett Collection
480 James Robertson Parkway
Nashville, TN 37219-1212

Specialized Loan Servicing, LLC
8742 Lucent Boulevard, Suite 300
Highlands Ranch, CO 80129-2386

Sprint
c/o Enhanced Recovery Co. LLC
8014 Bayberry Road
Jacksonville, FL 32256-7412

(p)TXU ENERGY RETAIL COMPANY LP
CO BANKRUPTCY DEPARTMENT
PO BOX 650393
DALLAS TX 75265-0393

John Talton..
P. O. Box 941166
Plano, TX 75094-1166

TeleCheck Services, Inc.
5251 Westheimer
Houston, TX 77056-5499

Texas Workforce Commission
Tax Department
101 East 15th Street
Austin, TX 78778-0001

Texoma Medical Center
P.O. Box 9001
Denison, TX 75021-9001

TransUnion Consumer Solutions
P.O. Box 2000
Chester, PA 19016-2000

U.S. Attorney General
Department of Justice
Main Justice Building
10th & Constitution Ave., NW
Washington, DC 20530-0001

US Trustee
Office of the U.S. Trustee
110 N. College Ave.
Suite 300
Tyler, TX 75702-7231

United States Attorney's Office
Eastern District of Texas
110 North College Avenue, Suite 700
Tyler, TX 75702-0204

Verizon Inc.
c/o AFNI
P.O. Box 3097
Bloomington, IL 61702-3097

Verizon Inc.
c/o AFNI
P.O. Box 3427
Bloomington, IL 61702-3427

Visionary Medical
c/o Frost Arnett Collection
480 James Robertson Parkway
Nashville, TN 37219-1212

Wells Fargo Bank
PO Box 5058
MAC P6053-021
Portland, OR 97208-5058

The preferred mailing address (p) above has been substituted for the following entity/entities as so specified by said entity/entities in a Notice of Address filed pursuant to 11 U.S.C. 342(f) and Fed.R.Bank.P. 2002 (g)(4).

Comptroller of Public Accounts
Revenue Accounting/Bankruptcy
P.O. Box 13528
Austin, TX 78711-3528

Internal Revenue Service
Centralized Insolvency Operation
P.O. Box 21126
Philadelphia, PA 19114

(d)Internal Revenue Service
Special Procedures Branch
1100 Commerce Street
M/S 5004 DAL
Dallas, TX 75242

TU Electric
6555 Sierra Drive
Irving, TX 75309

End of Label Matrix
Mailable recipients    49
Bypassed recipients     0
Total                  49