UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF TEXAS
SHERMAN DIVISION

IN RE: )  CASE NO: **15-41589**
**Michael B. Goodwin** )
**Ivonne M. Goodwin** )  Chapter 13
SSN(s): **xxx-xx-9667, xxx-xx-0075** )
**230 Preston Club Drive** )
**Sherman, TX 75092** )
)
)
Debtor )

**You should read this Plan carefully and discuss it with your attorney. Confirmation of this Plan by the Bankruptcy Court may modify your rights by providing for payment of less than the full amount of your claim, by setting the value of the collateral securing your claim, and/or by setting the interest rate on your claim.**

*SECOND*
# CHAPTER 13 PLAN

Debtor or Debtors (hereinafter called "Debtor") proposes this Chapter 13 Plan:

1. **Submission of Income.** Debtor submits to the supervision and control of the Chapter 13 Trustee ("Trustee") all or such portion of future earnings or other future income of Debtor as is necessary for the execution of this Plan.

2. **Plan Payments and Length of Plan.** Debtor will pay the sum of **see below** per **month** to Trustee by ☐ Payroll Deduction(s) or by ☑ Direct Payment(s) for the period of **60** months, unless all allowed claims in every class, other than long-term claims, are paid in full in a shorter period of time. The term of this Plan shall not exceed sixty (60) months. See 11 U.S.C. §§ 1325(b)(1)(B) and 1325(b)(4). Each pre-confirmation plan payment shall be reduced by any pre-confirmation adequate protection payment(s) made pursuant to Plan paragraph 6(A)(i) and § 1326(a)(1)(C).

The following alternative provision will apply if selected:

☑ Variable Plan Payments

| Beginning Month | Ending Month | Amount of Monthly Payment | Total |
|---|---|---|---|
| 1 (09/30/2015) | 6 (02/29/2016) | $650.00 | $3,900.00 |
| 7 (03/30/2016) | 60 (08/30/2020) | $680.00 | $36,720.00 |
| | | Grand Total: | $40,620.00 |

Reason for Variable Plan Payments:
*Step-up due to reorganization of Debtors' sales term, increased marketing and projected sales increase.

3. **Payment of Claims.** The amounts listed for claims in this Plan are based upon Debtor's best estimate and belief. Allowed claims shall be paid to the holders thereof in accordance with the terms thereof. From the monthly payments described above, the Chapter 13 Trustee shall pay the following allowed claims in the manner and amounts specified. Claims filed by a creditor designated as secured or priority but which are found by the Court to be otherwise shall be treated as set forth in the Trustee's Recommendation Concerning Claims.

Case No:   15-41589
Debtor(s):   **Michael B. Goodwin**
                    **Ivonne M. Goodwin**

4. **Administrative Claims.** Trustee will pay in full allowed administrative claims and expenses pursuant to § 507(a)(2) as set forth below, unless the holder of such claim or expense has agreed to a different treatment of its claim.

   (A). **Trustee's Fees.** Trustee shall receive a fee for each disbursement, the percentage of which is fixed by the United States Trustee.

   (B). **Debtor's Attorney's Fees.** The total attorney fee as of the date of filing of the petition is ___**$7,500.00**___. The amount of ___**$0.00**___ was paid prior to the filing of the case. The balance of ___**$7,500.00**___ will be paid ☑ from first funds upon confirmation, or in the alternative ☐ from the remaining balance of funds available after specified monthly payments. The total attorney fees are subject to reduction by notice provided in the Trustee's Recommendation Concerning Claims to an amount consistent with LBR 2016(h) absent a certification from debtors attorney regarding legal services provided pertaining to automatic stay litigation occurring in the case.

5. **Priority Claims.**

   (A). **Domestic Support Obligations.**

   ☑ None. If none, skip to Plan paragraph 5(B).

   (i).   Debtor is required to pay all post-petition domestic support obligations directly to the holder of the claim.

   (ii).  The name(s) and address(es) of the holder of any domestic support obligation are as follows. See 11 U.S.C. §§ 101(14A) and 1302(b)(6).

   (iii). Anticipated Domestic Support Obligation Arrearage Claims

   (a). Unless otherwise specified in this Plan, priority claims under 11 U.S.C. § 507(a)(1) will be paid in full pursuant to 11 U.S.C. § 1322(a)(2). These claims will be paid at the same time as claims secured by personal property, arrearage claims secured by real property, and arrearage claims for assumed leases or executory contracts.

   ☑ None; or

   | (a)<br>Creditor<br>(Name and Address) | (b)<br>Estimated arrearage claim | (c)<br>Projected monthly arrearage payment |
   |---|---|---|
   |  |  |  |

   (b). Pursuant to §§ 507(a)(1)(B) and 1322(a)(4), the following domestic support obligation claims are assigned to, owed to, or recoverable by a governmental unit.

   ☑ None; or

   Claimant and proposed treatment:

   | (a)<br>Claimant | (b)<br>Proposed Treatment |
   |---|---|
   |  |  |

   (B). **Other Priority Claims (e.g., tax claims).** These priority claims will be paid in full, but will not be funded until after all secured claims, lease arrearage claims, and domestic support claims are paid in full.

   | (a)<br>Creditor | (b)<br>Estimated claim |
   |---|---|
   | **Comptroller of Public Accounts- Sales Tax** | **$3,546.69** |

Case No:   15-41589
Debtor(s):  **Michael B. Goodwin**
           **Ivonne M. Goodwin**

6. **Secured Claims.**

   (A). **Claims Secured by Personal Property Which Debtor Intends to Retain.**

   (i). **Pre-confirmation adequate protection payments.** Unless the Court orders otherwise, no later than 30 days after the date of the filing of this plan or the order for relief, whichever is earlier, the Debtor shall make the following adequate protection payments to creditors pursuant to § 1326(a)(1)(C). If the Debtor elects to make such adequate protection payments on allowed claims to the Trustee pending confirmation of the plan, the creditor shall have an administrative lien on such payment(s), subject to objection. If Debtor elects to make such adequate protection payments directly to the creditor, Debtor shall provide evidence of such payment to the Trustee, including the amount and date of the payment, as confirmation is prohibited without said proof.

   Debtor shall make the following adequate protection payments:

   ☐ directly to the creditor; or

   ☐ to the Trustee pending confirmation of the plan.

| (a)<br>Creditor | (b)<br>Collateral | (c)<br>Adequate protection payment amount |
|---|---|---|
|  |  |  |

   (ii). **Post confirmation payments.** Post-confirmation payments to creditors holding claims secured by personal property shall be paid as set forth in subparagraphs (a) and (b). If Debtor elects to propose a different method of payment, such provision is set forth in subparagraph (c).

   (a). **Claims to Which § 506 Valuation is NOT Applicable.** Claims listed in this subsection consist of debts secured by a purchase money security interest in a vehicle for which the debt was incurred within 910 days of filing the bankruptcy petition, or, if the collateral for the debt is any other thing of value, the debt was incurred within 1 year of filing. See § 1325(a)(5). After confirmation of the plan, the Trustee will pay to the holder of each allowed secured claim the monthly payment in column (f) based upon the amount of the claim in column (d) with interest at the rate stated in column (e). Upon confirmation of the plan, the interest rate shown below or as modified will be binding unless a timely written objection to confirmation is filed and sustained by the Court. Payments distributed by the Trustee are subject to the availability of funds.

   ☑ None; or

| (a)<br>Creditor; and<br>(b)<br>Collateral | (c)<br>Purchase date | (d)<br>Estimated Claim | (e)<br>Interest rate | (f)<br>Monthly payment |
|---|---|---|---|---|
|  |  |  |  |  |

   (b). **Claims to Which § 506 Valuation is Applicable.** Claims listed in this subsection consist of any claims secured by personal property not described in Plan paragraph 6(A)(ii)(a). After confirmation of the plan, the Trustee will pay to the holder of each allowed secured claim the monthly payment in column (f) based upon the replacement value as stated in column (d) or the amount of the claim, whichever is less, with interest at the rate stated in column (e). The portion of any allowed claim that exceeds the value indicated below will be treated as an unsecured claim. Upon confirmation of the plan, the valuation and interest rate shown below or as modified will be binding unless a timely written objection to confirmation is filed and sustained by the Court. Payments distributed by the Trustee are subject to the availability of funds.

   ☐ None; or

| (a)<br>Creditor; and<br>(b)<br>Collateral | (c)<br>Purchase date | (d)<br>Replacement value | (e)<br>Interest rate | (f)<br>Monthly payment |
|---|---|---|---|---|
|  |  |  |  |  |

TXEB Local Form 3015-a    [Revised January 18, 2006]                                                                                  Page 3

Case No:  15-41589
Debtor(s):  **Michael B. Goodwin**
 **Ivonne M. Goodwin**

| **Internal Revenue Service** | $5,492.74 | 3.00% | $129.84 |
| **Federal Tax Lien Secured by Personal Property** | | | Month(s) 1-60 |

**(B). Claims Secured by Real Property Which Debtor Intends to Retain.** Debtor will make all post-petition mortgage payments directly to each mortgage creditor as those payments ordinarily come due. These regular monthly mortgage payments, which may be adjusted up or down as provided for under the loan documents, are due beginning the first due date after the case is filed and continuing each month thereafter, unless this Plan provides otherwise. Trustee may pay each allowed arrearage claim at the monthly rate indicated below until paid in full. Trustee will pay interest on the mortgage arrearage if the creditor requests interest, unless an objection to the claim is filed and an order is entered disallowing the requested interest.

| (a)<br>Creditor; and<br>(b)<br>Property description | (c)<br>Estimated pre-petition arrearage | (d)<br>Interest rate | (e)<br>Projected monthly arrearage payment |
|---|---|---|---|
| **Internal Revenue Service**<br>**Federal Tax Liability Secured by Lien on Homestead** | $16,121.93 | 3.00% | $289.69<br>Month(s) 1-60 |

**(C). Surrender of Collateral.** Debtor will surrender the following collateral no later than thirty (30) days from the filing of the petition unless specified otherwise in the Plan. Any involuntary repossession/foreclosure prior to confirmation of this Plan must be obtained by a filed motion and Court order, unless the automatic stay no longer applies under § 362(c). Upon Plan confirmation, the automatic stay will be deemed lifted for the collateral identified below for surrender and the creditor need not file a Motion to Lift Stay in order to repossess, foreclose upon or sell the collateral. Nothing herein is intended to lift any applicable co-Debtor stay, or to abrogate Debtor's state law contract rights.

| (a)<br>Creditor | (b)<br>Collateral to be surrendered |
|---|---|
|  |  |

**(D). Void Lien:** The secured creditors listed below hold a non-purchase money, non-possessory security interest on Debtor's exempt property. Their lien will be voided pursuant to 11 U.S.C. § 522(f) and their claim treated as unsecured and paid pursuant to paragraph 7 below:

| Name of Creditor | Collateral Description | Estimated Claim |
|---|---|---|
|  |  |  |

7. **Unsecured Claims.** Debtor estimates that the total general unsecured debt not separately classified in Plan paragraph 12 is ___**$57,420.63**___ . After all other classes have been paid, Trustee will pay to the creditors with allowed general unsecured claims a pro rata share of ___**$340.04**___ . Trustee is authorized to increase this dollar amount if necessary, in order to comply with the applicable commitment period stated in paragraph 2 of this Plan.

8. **Executory Contracts and Unexpired Leases.** All executory contracts and unexpired leases are assumed, unless rejected herein. Payments due after the filing of the case will be paid directly by Debtor (c) or through the plan by the Trustee (d), as set forth below.

Debtor proposes to cure any default by paying the arrearage on the assumed leases or unexpired contracts in the amounts projected in column (e) at the same time that payments are made to secured creditors. All other executory contracts and unexpired leases of personal property are rejected upon conclusion of the confirmation hearing.

☑ None; or

Case No: 15-41589
Debtor(s): **Michael B. Goodwin**
**Ivonne M. Goodwin**

| (a) Creditor; and (b) Nature of lease or executory contract | (c) Payment to be paid directly by Debtor | (d) Payment to be paid through plan by Trustee | (e) Projected arrearage monthly payment through plan (for informational purposes) |
|---|---|---|---|
|  |  |  |  |

9. **Property of the Estate.** Upon confirmation of this plan, title of the property of the estate shall vest in DEBTOR(S), unless the Court orders otherwise.

10. **Post-petition claims.** The DEBTOR(S) will not incur any post-petition consumer debt except upon written approval of the Court or the Standing Chapter 13 Trustee. Post-petition claims will be allowed only as specified in 11 U.S.C. § 1305.

11. **General Provisions.** Post-Petition earnings during the pendency of this case shall remain property of the estate notwithstanding section 1327. Any remaining funds held by the Trustee after dismissal or conversion of a confirmed plan may be distributed to creditors pursuant to these provisions. Notwithstanding section 1329(a), the Trustee may bring a motion anytime within the applicable commitment period of the Plan to modify debtor's Plan to meet the criteria of section 1325(b). Any funds sent to the debtor(s) in care of the Trustee, during the pendency of this case may be deposited to the debtor's account and disbursed to creditors holding allowed claims pursuant to this Plan, the Confirmation Order, and/or as set forth in the Trustee's Recommendation Concerning Claims.

12. **Other Provisions:**

(A). **Special classes of unsecured claims.**

| Name of Unsecured Creditor | Remarks |
|---|---|
|  |  |

(B). **Other direct payments to creditors.**

| Name of Creditor | Remarks |
|---|---|
| **Grayson County Tax Assessor/Collector** | Paid through escrow account |
| **Preston Club Homeowners Association** | 2006 - 2012 HOA Arrears |
| **S&S CISD** | Paid through escrow account |
| **Specialized Loan Servicing, LLC** | Modify loan and monthly payments under the Homeowners Assistance Modification Program, or other agreed Modification. |

(C). **Additional provisions.**

<u>**1. Vesting of Estate Property:**</u>
Except as otherwise specifically provided in the Plan, the Confirmation Order or other Order of the Court, Debtors shall remain in possession of all property of the estate during the Plan term pursuant to 11 U.S.C.§1306(b). Property of the estate shall not vest in Debtors upon Confirmation of the Plan but shall vest upon entry of the Order of Discharge, conversion of the case to a proceeding under any other Chapter of Title 11, or dismissal of the case, which ever shall occur first.

Debtors shall have the continuing responsibility to insure all property of Debtors or the estate, notwithstanding the above paragraph on vesting.

Case No:   15-41589
Debtor(s):   **Michael B. Goodwin**
   **Ivonne M. Goodwin**

### 2. Mortgage Payments:
Confirmation of the Plan shall impose a duty on the current and any subsequent holders and/or servicers of claims secured by liens on real property to apply the payments received from the Trustee to any prepetition or postpetition arrears provided for in the Plan; to deem such arrearages paid as contractually cured by confirmation; to apply mortgage payments paid by Debtors only to postpetition amounts due; to notify the Trustee, Debtors and the attorney for Debtors of any changes in the interest rate for an adjustable rate mortgage and the effective date of the adjustment; to notify the Trustee, Debtors and attorney for the Debtors of any change in the taxes or insurance that would either increase or reduce the escrow portion of the monthly mortgage payment; and to otherwise comply with 11 U.S.C. § 524(i).

### 3. Unsecured Creditors:
Unsecured creditors shall not be limited to the amount listed in the plan if further amounts are available after other stated creditors are paid.

### 4. Trustee's Recommendation Concerning Claims:
Notwithstanding any provision herein to the contrary, the deadlines to file the Trustee's Recommendation Concerning Claims, objections to the Trustee's Recommendation Concerning Claims, and objections to claims shall be governed by Local Bankruptcy Rule 3015(g).

### 5. Trustee Fee:
Notwithstanding any other provision in the Plan, the Trustee shall receive a fee as allowed pursuant to the provisions of 28 U.S.C. 586(e)(2) in the percentage as fixed by the United States Trustee.

### 6. Effect of Plan on Creditors with a Lien on Debtors' Principal Residence:
In compliance with 11 U.S.C. § 1322(b)(2), nothing provided for in this Order of Confirmation and/or the Plan shall in any way be deemed, found or construed as a modification of the rights of any secured creditor with a security interest in real property that is the Debtor's principal residence; provided, the automatic stay in effect in this case pursuant to 11 U.S.C. § 362(a) shall continue in full force and effect pending any futher Order of this Court.

### 7. Additional Provision Regarding Debtors' Attorney Fees:
After the deduction/dedication of any amounts designated as adequate protection payments to any creditor(s), the Trustee shall hold any remaining funds thereafter available for debtor's attorney's fees. Such fees are allowed preliminarily. Final determination of the appropriate fees will be made in the context of the Trustee's Recommendation Concerning Claims. The Debtor's attorney will file a fee application before the deadline to object to the Trustee's Recommendation Regarding Claims. If the application is not filed within that time, the Debtor's attorney shall be awarded the amount of fees stated in Local Rule 2016.

### 8. Future Tax Future Tax Refund or Credit Payments:
Although the Debtor(s) have little or no income tax withheld from paychecks, annual tax refunds are expected due to the Earned Income Credit and Child Tax Credit. The Debtor(s) included the best estimate of the monthly average of the tax refund credits as additional income on Schedule I. Because of this, and notwithstanding any other provision of the confirmed plan, the Debtor(s) are only required to submit tax refunds to the Trustee which are $2,001.00 or more, greater than the twelve month total of the monthly average of yearly Earned Income Credit and Child Tax Credit amounts.

Special Note: This plan is intended as an exact copy of the recommended form prepared by the Standing Chapter 13 Trustees for this District, except as to any added paragraphs after paragraph 11 above. The Chapter 13 trustee shall be held harmless for any changes in this plan from the recommended form dated July 1, 2005.

Case No:  15-41589
Debtor(s):  **Michael B. Goodwin**
**Ivonne M. Goodwin**

Date: 2-22-2016

_____
Gary J. Campbell, Debtors' Attorney

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that a copy of Debtor's Second Chapter 13 Plan was served upon all creditors and parties in interest as listed in the attached Master Mailing List as constituted by the Court at the time of service and all attorneys or others requesting notice, as listed below, by electronic means for those registered with the Court to receive electronic notice, otherwise by United States first-class mail, postage prepaid, this 22 day of February, 2016.

**Attorneys Requesting Notice:**
S & S ISD
c/o Eboney Cobb
Perdue, Brandon, Fielder, Collins & Mott, L.L.P.
500 E. Border Street, Suite 640
Arlington, Texas 76010
(817) 461-3344
(817) 860-6509 FAX
email: ecobb@pbfcm.com

Melissa L. Palo
Linebarger, Goggan, Blair & Sampson, LLP
2777 N. Stemmons Freeway, Suite 1000
Dallas, TX 75207
Facsimile: (469) 221-5003
Email: dallas.bankruptcy@publicans.com

_____        _____
Gary J. Campbell                                         Legal Assistant

| | | |
|---|---|---|
| Label Matrix for local noticing<br>0540-4<br>Case 15-41589<br>Eastern District of Texas<br>Sherman<br>Mon Feb 22 17:41:12 CST 2016 | Internal Revenue Service<br>P.O. Box 7346<br>Philadelphia, PA 19101-7346 | AT&T Mobility<br>P.O. 650553<br>Dallas, TX 75265-0553 |
| Afni, Inc.<br>P.O. Box 3517<br>Bloomington, IL 61702-3517 | Ashley Funding Services, LLC<br>PO Box 10587<br>Greenville, SC 29603-0587 | Ashley Funding Services, LLC its successors<br>assigns as assignee of Laboratory<br>Corporation of America Holdings<br>Resurgent Capital Services<br>PO Box 10587<br>Greenville, SC 29603-0587 |
| Attorney General of Texas<br>Attn: Bankruptcy Section<br>2001 Beach Street, Suite 700<br>Fort Worth, TX 76103-2315 | Attorney General of Texas<br>Child Support Division/Bankruptcy<br>OAG/CSD/Mail Code 38<br>P.O. Box 12017<br>Austin, TX 78711-2017 | Attorney General of Texas<br>Collections/Bankruptcy<br>P.O. Box 12400<br>Austin, TX 78711-1240 |
| Attorney General of Texas<br>Taxation Division/Bankruptcy<br>P.O. Box 12548<br>Austin, TX 78711-2548 | Gary J. Campbell<br>Gary J. Campbell & Associates, P.C.<br>320 North Travis, Suite 207<br>P.O. Box 758<br>Sherman, TX 75091-0758 | Chase Bank<br>National Payment Services<br>P.O. Box 182223<br>Dept. OH1-1272<br>Columbus, OH 43218-2223 |
| ChexSystems<br>Attn: Consumer Relations<br>7805 Hudson Road, Suite 100<br>Woodbury, MN 55125-1703 | Eboney Cobb<br>Perdue Brandon Fielder Collins & Mott<br>500 E. Border Street, Suite 640<br>Arlington, TX 76010-7457 | (p)TEXAS COMPTROLLER OF PUBLIC ACCOUNTS<br>REVENUE ACCOUNTING DIV - BANKRUPTCY SECTION<br>PO BOX 13528<br>AUSTIN TX 78711-3528 |
| Comptroller of Public Accounts<br>c/o Office of the Attorney General<br>Bankruptcy - Collections Division MC-008<br>PO Box 12548<br>Austin TX 78711-2548<br>(512) 463-2173 | Dean Gilbert Realtors<br>801 E. Taylor Street<br>Sherman, TX 75090-2671 | Dish Network<br>c/o GC Services<br>6330 Gulfton Street<br>Houston, TX 77081-1108 |
| Carey D. Ebert<br>P. O. Box 941166<br>Plano, TX 75094-1166 | Equifax Credit Information Systems, Inc.<br>P.O. Box 740241<br>Atlanta, GA 30374-0241 | Experian<br>P.O. Box 2002<br>Allen, TX 75013-2002 |
| Financial Recovery Services, Inc.<br>P.O. Box 385908<br>Minneapolis, MN 55438-5908 | Firstsource Financial Solutions, LLC<br>P.O. Box 33009<br>Phoenix, AZ 85067-3009 | Ivonne M. Goodwin<br>230 Preston Club Drive<br>Sherman, TX 75092-6358 |
| Michael B. Goodwin<br>230 Preston Club Drive<br>Sherman, TX 75092-6358 | Grayson County<br>Linebarger Goggan Blair & Sampson LLP<br>c/o Melissa L. Palo<br>2777 N. Stemmons Freeway<br>Suite 1000<br>Dallas, Tx 75207-2328 | Grayson County<br>c/o Melissa Palo<br>Linebarger Goggan Blair & Sampson, LLP<br>2777 N Stemmons Freeway Suite 1000<br>Dallas, TX 75207-2328 |
| Grayson County Tax Assessor/Collector<br>P.O. Box 2107<br>Sherman, TX 75091-2107 | (p)INTERNAL REVENUE SERVICE<br>CENTRALIZED INSOLVENCY OPERATIONS<br>PO BOX 7346<br>PHILADELPHIA PA 19101-7346 | Internal Revenue Service<br>Centralized Insolvency Operation<br>P.O. Box 7346<br>Philadelphia, PA 19101-7346 |

Laboratory Corporation of America
c/o American Medical Collections
2269 Saw Mill River Drive
Elmsford, NY 10523-3832

Medical Imaging
c/o Frost Arnett Collection
480 James Robertson Parkway
Nashville, TN 37219-1212

NCO Financial Systems, Inc.
P.O. Box 15740
Wilmington, DE 19850-5740


Office of the Attorney General
of the United States
950 Pennsylvania Avenue, NW
Washington, DC 20530-0001

Melissa L. Palo
2777 N. Stemmons Freeway, Suite 1000
Dallas, TX 75207-2328

Preston Club Homeowners Association
P.O. Box 1911
Sherman, TX 75091-1911


Progressive Insurance
P.O. Box 650201
Dallas, TX 75265-0201

Raymond Matthews, CPA
200 N. Travis Street, Suite 200
Sherman, TX 75090-0003

S & S Consolidated ISD
c/o Perdue Brandon Fielder et al
500 E Border St, Suite 640
Arlington, TX 76010-7457


S & S ISD
Perdue Brandon Fielder Et Al
500 E. Border Street
Suite 640
Arlington, TX 76010-7457

S&S CISD
c/o Eboney Cobb
500 East Border Street, Ste 640
Arlington, TX 76010-7457

Sherman Radiology Associates
c/o Frost Arnett Collection
480 James Robertson Parkway
Nashville, TN 37219-1212


Specialized Loan Servicing LLC
14841 Dallas Parkway, Suite 300
Dallas, TX 75254-7883

Specialized Loan Servicing, LLC
8742 Lucent Boulevard, Suite 300
Highlands Ranch, CO 80129-2386

Sprint
c/o Enhanced Recovery Co. LLC
8014 Bayberry Road
Jacksonville, FL 32256-7412


(p)TXU ENERGY RETAIL COMPANY LP
CO BANKRUPTCY DEPARTMENT
PO BOX 650393
DALLAS TX 75265-0393

John Talton..
P. O. Box 941166
Plano, TX 75094-1166

LynAlise Katherine Tannery
Buckley Madole. P.C.
14841 Dallas Parkway, Suite 425
Dallas, TX 75254-7685


TeleCheck Services, Inc.
5251 Westheimer
Houston, TX 77056-5499

Texas Workforce Commission
Tax Department
101 East 15th Street
Austin, TX 78778-0001

Texoma Medical Center
P.O. Box 9001
Denison, TX 75021-9001


The Bank of NY Mellon Trust Co., Trustee (Se
c/o Specialized Loan Servicing LLC
8742 Lucent Blvd Suite 300
Highlands Ranch, CO 80129-2386

TransUnion Consumer Solutions
P.O. Box 2000
Chester, PA 19022-2000

U.S. Attorney General
Department of Justice
Main Justice Building
10th & Constitution Ave., NW
Washington, DC 20530-0001


US Trustee
Office of the U.S. Trustee
110 N. College Ave.
Suite 300
Tyler, TX 75702-7231

United States Attorney's Office
Eastern District of Texas
110 North College Avenue, Suite 700
Tyler, TX 75702-0204

Verizon Inc.
c/o AFNI
P.O. Box 3097
Bloomington, IL 61702-3097


Verizon Inc.
c/o AFNI
P.O. Box 3427
Bloomington, IL 61702-3427

Visionary Medical
c/o Frost Arnett Collection
480 James Robertson Parkway
Nashville, TN 37219-1212

Wells Fargo Bank
PO Box 5058
MAC P6053-021
Portland, OR 97208-5058

The preferred mailing address (p) above has been substituted for the following entity/entities as so specified by said entity/entities in a Notice of Address filed pursuant to 11 U.S.C. 342(f) and Fed.R.Bank.P. 2002 (g)(4).

Comptroller of Public Accounts
Revenue Accounting/Bankruptcy
P.O. Box 13528
Austin, TX  78711-3528

Internal Revenue Service
Centralized Insolvency Operation
P.O. Box 21126
Philadelphia, PA  19114

(d)Internal Revenue Service
Special Procedures Branch
1100 Commerce Street
M/S 5004 DAL
Dallas, TX  75242

TU Electric
6555 Sierra Drive
Irving, TX  75309

The following recipients may be/have been bypassed for notice due to an undeliverable (u) or duplicate (d) address.

(d)Carey D. Ebert
P. O. Box 941166
Plano, TX 75094-1166

End of Label Matrix
Mailable recipients    59
Bypassed recipients     1
Total                  60